UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In Re: Michael J. Hurley

<u>**MEMORANDUM & ORDER**</u>
24-CV-05630 (DG)

----------------------------------------------------------------X

DIANE GUJARATI, United States District Judge:

     *Pro se* Appellant Michael J. Hurley appeals from the July 12, 2024 Order of the United States Bankruptcy Court for the Eastern District of New York (the "Bankruptcy Court"), which Order granted the Motion to Withdraw as Debtor's Attorney filed by Macco & Corey, P.C., *see In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 50.

     For the reasons set forth below, the instant appeal is dismissed for lack of jurisdiction.

### BACKGROUND[1]

     On August 11, 2024, Appellant filed a Notice of Appeal in the Bankruptcy Court. *See In re Hurley*, No. 23-72230 (Bankr. E.D.N.Y.), ECF No. 52. Thereafter, Appellant's Notice of Appeal was transmitted to this Court. *See* Notice of Appeal, ECF No. 1.

     By Order to Show Cause dated September 26, 2024, the Court directed Appellant to show cause as to why this appeal should not be dismissed for lack of jurisdiction in light of the fact that the Order being appealed was entered on July 12, 2024 and the Notice of Appeal was not filed until August 11, 2024. *See* September 26, 2024 Order to Show Cause (setting forth that, with certain exceptions that did not appear to be relevant, a notice of appeal must be filed within 14 days after entry of the judgment, order, or decree being appealed and that in the absence of a timely notice of appeal, the district court is without jurisdiction to consider the appeal, and

---

[1] Familiarity with the procedural history and background of this case – including with the Bankruptcy Court proceedings – is assumed herein.

referencing Rule 8002(a) of the Federal Rules of Bankruptcy Procedure, *In re Coudert Bros. LLP*, 673 F.3d 180, 185 (2d Cir. 2012), and *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005)).

In response to the Order to Show Cause, Appellant filed a letter styled "Good Cause Why This Appeal Should Not Be Dismissed And Request For Briefing Deadline(s) Schedule." *See* ECF No. 6. Liberally construed in light of Appellant's *pro se* status, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the letter (1) explains that Appellant believed that the timeframe for filing a notice of appeal was 30 days, not 14 days; (2) asserts that the appeal has merit; (3) requests "that this appeal not be dismissed on grounds of excusable neglect;" and (4) requests a briefing deadline for filing Appellant's appeal brief (and reply if Appellant's brief is opposed). *See generally* ECF No. 6.

## DISCUSSION

As set forth below, Appellant's appeal is untimely and therefore the Court lacks jurisdiction to consider the appeal and the appeal must be dismissed.

## I.    Applicable Law

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. *See* 28 U.S.C. § 158(a)(1). An appeal to the district court must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules." *See* 28 U.S.C. § 158(c)(2). As relevant here, Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." *See* Fed. R. Bankr. P. 8002(a)(1).

The United States Court of Appeals for the Second Circuit has held "that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in

the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"  *See In re Siemon*, 421 F.3d at 169; *see also In re Coudert Bros. LLP*, 673 F.3d at 185.  Because the time limit contained in Rule 8002(a) is jurisdictional, it is strictly enforced, even when applied to cases involving *pro se* litigants.  *See, e.g.*, *In re Sterling*, 690 F. App'x 747, 747 (2d Cir. 2017) (stating that "[t]he time limitations in Fed. R. Bankr. P. 8002(a) are jurisdictional, regardless of a party's *pro se* status"); *In re Amelio*, No. 20-CV-03080, 2020 WL 7028957, at *7 (S.D.N.Y. Nov. 30, 2020) (noting that "a rule that limits the jurisdiction of the court must be strictly enforced even when applied to *pro se* litigants"); *Ivers v. Ciena Cap. LLC*, No. 15-CV-07993, 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016) (stating that "district courts routinely dismiss bankruptcy appeals filed" in circumstances where "*pro se* appellants . . . file their notices of appeal close to, but nonetheless after, the deadline" and collecting cases).

## II.    Appellant's Appeal is Untimely and Must be Dismissed for Lack of Jurisdiction

Appellant's Notice of Appeal was filed in the Bankruptcy Court on August 11, 2024, which is more than 14 days after July 12, 2024, the date on which the Bankruptcy Court entered the Order granting the Motion to Withdraw as Debtor's Attorney.  And although Rule 8002(b)(1) of the Federal Rules of Bankruptcy Procedure provides that a litigant's time for appeal can be tolled pending the disposition of certain motions, *see* Fed. R. Bankr. P. 8002(b)(1), Appellant does not assert – nor does the record otherwise reflect – that any such motions were filed. Similarly, although Rule 8002(d)(1) of the Federal Rules of Bankruptcy Procedure permits a bankruptcy court under certain circumstances to extend the time to file a notice of appeal upon a party's motion, *see* Fed. R. Bankr. P. 8002(d)(1), Appellant does not assert – nor does the record otherwise reflect – that any such motion was filed.  Appellant's assertion here that there was

"excusable neglect" because he believed that he had 30 days, rather than 14 days, within which to timely file a notice of appeal is unavailing in light of the Second Circuit precedent referenced above.  *See In re Coudert Bros. LLP*, 673 F.3d at 185; *In re Siemon*, 421 F.3d at 169.[2]

Because the instant appeal was untimely filed, the Court lacks jurisdiction to consider the appeal and the appeal must be dismissed.

## CONCLUSION

For the reasons set forth above, Appellant's appeal is DISMISSED for lack of jurisdiction.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment, close this case, and mail a copy of this Order to Appellant.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: November 18, 2024
       Brooklyn, New York

---

[2] Although Rule 8002(d)(1) of the Federal Rules of Bankruptcy Procedure references "excusable neglect," as set forth above, the record does not reflect that any motion to extend the time to file a notice of appeal pursuant to Rule 8002(d)(1) was filed in the Bankruptcy Court.